IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| APRYL ALLEN (f/k/a APRYL SMITH), FREDDRICK SMITH, and MICHAEL BRYANT, | ) ) ) ) ) | |
| | ) | No. 12 C 9391 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Virginia M. Kendall |
| | ) | |
| JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, a Delaware Limited Liability Company, d/b/a JACKSON NATIONAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Apryl Allen, Freddrick Smith and Michael Bryant filed a three-count complaint against Defendant Jackson National Life Distributors alleging that the Defendant failed to pay them death benefit proceeds owed them under the terms of an annuity purchased by Thomas Shafter, deceased. Defendant has now moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Alternatively, Defendant moved to stay the action so that necessary parties may be joined pursuant to Federal Rule of Civil Procedure 19. For the reasons set forth below, the motion to dismiss is granted in part and denied in part. The motion to stay is denied.

## BACKGROUND

The following facts are taken from the Plaintiffs' Complaint and are assumed to be true for purposes of the Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 520 (7th Cir. 2003); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). On

September 25, 1990, Defendant Jackson Life issued a "Single Premium Deferred Annuity" (the "Policy") to Thomas Shafter. (*See* Doc. 1, Compl. at ¶ 7.) The Policy allowed Shafter to change the beneficiary designations by submitting a written request to Defendant's Home Office. (*Id.* at ¶ 8.) On May 13, 2009, Shafter elected to change the beneficiaries to the Policy. (*Id.* at ¶ 11.) As part of this election, he designated Mary King, Tomaka Ranson, Gregory Armstrong, Chrisean White, Robin German, April Shafter, Shonterie Copeland McKever, Tiffinay C. Marshall, Janice Copeland, Apryl Smith, Julia Campbell and Channel Davis as the beneficiaries who would receive the death benefit proceeds under the Policy. (*Id.* at ¶ 25.) Defendant executed this change on August 2009. (*Id.* at ¶ 12.)

Subsequently, Shafter decided to change the beneficiaries to the Policy again. (*Id.* at ¶ 14.) This time he designated Apryl Smith, Chrisean White, Jonathon Shafter, Deidra Shafter, Freddrick Smith, Kyle Hoffman and Michael Bryant as primary beneficiaries of the Policy. (*Id.* at ¶ 15.) He did not designate any contingent beneficiaries. (*Id.*) On September 27, 2011, the Defendant sent Shafter a letter confirming the change in designation. (*Id.* at ¶ 16.) The September 27, 2011 letter stated that Shafter's "request has been recorded and placed on file with [Defendant]. Please place this confirmation with your policy for future reference." (*Id.*) The letter also identified the new beneficiaries as well as their interest in the annuity. (*Id.* at ¶¶ 15-16.) According to the September 27, 2011 letter, Jonathan Shafter, Deidra Shafter, Freddrick Smith and Kyle Hoffman had a beneficial interest of $10,309.75 each. (*Id.* at ¶ 15.) Michael Bryant had a beneficial interest of $11,750. (*Id.*) Apryl Smith's interest was defined as an "equal share." (*Id.*) Finally, Chrisean White's interest was defined as "equal share" minus $5,000. (*Id.*) According to the Complaint, the value of the "equal share" is $76,731.56. (*Id.* at ¶ 31.)

Shafter died on April 10, 2012. (*Id.* at ¶ 21.) He never attempted to change the beneficiary designations in the Policy after September 27, 2011. (*Id.* at ¶ 22.) On April 19, 2012, Defendant sent a letter to Crystal Bryant acknowledging Shafter's death and requesting that Ms. Bryant complete a claim form and submit a certified copy of Shafter's final death certificate. (*Id.* at ¶ 24.) This letter also identified the May 13, 2009 beneficiaries as the beneficiaries of the Policy. (*Id.* at ¶ 25.) Subsequently, Bryant discovered the September 27, 2011 confirmation letter. (*Id.* at ¶ 27.) She contacted the Defendant and told them that the beneficiaries they identified were incorrect. (*Id.*) In response, on June 29, 2012, Defendant sent Bryant a letter stating that the September 27, 2011 letter had been sent in error. (*Id.* at ¶ 28.) Defendant refused to pay the death benefit proceeds in accordance with the September 27, 2011 letter. (*Id.* at ¶ 29.) Instead, it disbursed the death benefit proceeds in accordance with the May 13, 2009 designations. (*Id.* at ¶ 30.)

Plaintiffs then filed a three-count complaint in the Chancery Division for the Circuit Court of Cook County, Illinois. (Doc. 1.) Defendant removed the case to this Court on November 26, 2012 on the basis of diversity jurisdiction as provided in 28 U.S.C. § 1332. (*Id.*) Defendant has now moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to stay the case while additional parties are joined pursuant to Federal Rule of Civil Procedure 19. (Doc. 21.)

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) the Court accepts as true all of the well-pled facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 619 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); *accord Murphy*, 51 F.3d at

717. To state a claim upon which relief can be granted a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. When the factual allegations are well-pled the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.* at 679. A claim has facial plausibility when the factual content pled in the complaint allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678.

## DISCUSSION

### I.      Plaintiffs' Breach of Contract Claim Is Pled Sufficiently

The elements of a claim for breach of an insurance contract under Illinois law are: (1) the existence of a valid, enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff. *See TAS Distributing Co. v. Cummins Engine Co.,* 491 F.3d 625, 631 (7th Cir. 2007); *Henderson-Smith & Assocs. v. Nahamani Fam. Serv. Ctr.,* 752 N.E.2d 33, 43 (2001) (citing *Gallagher Corp. v. Russ,* 3721 N.E.2d 605, 611 (1999)).[1]  If the contract is established for the benefit of a third-party, the third party may sue for breach of that contract in his or her own name.  *See Olson v. Etheridge,* 686 N.E.2d 563, 566 (1997) (citing *Joslyn v. Joslyn,* 54 N.E.2d 475 (1944)).

---

[1] Neither party disputes that Illinois law governs this case.

4

Here, the Complaint alleges the existence of a valid, enforceable contract, namely the Policy. There is no dispute that Shafter performed his obligations under the Policy. The Complaint further alleges that Defendant breached the contract by refusing to distribute the death benefit proceeds according to the designations identified in the September 27, 2011 letter. Plaintiffs were injured because they were designated as beneficiaries under the September 27, 2011 letter. Since the Plaintiffs allege that they were expressly designated as beneficiaries, Plaintiffs may bring a claim to assert their rights under the contract. Accordingly, Plaintiffs have sufficiently stated a claim for breach of contract under Federal Rule of Civil Procedure 8(a).

Defendant does not dispute this. However, Defendant contends that because Illinois law generally requires strict compliance with the terms of an annuity or insurance policy to change beneficiaries[2], Plaintiffs must affirmatively plead that Shafter complied with the terms of the Policy in making his designation changes. Defendant argues that Plaintiffs failed to do this. However, this allegation is necessarily contained in Plaintiffs' allegation that prior to September 27, 2011, Shafter changed the beneficiary designations in the policy to include the Plaintiffs. (*See* Compl. at ¶¶ 14-15). In other words, it is implicit in an allegation that Shafter changed the beneficiary designations that he complied with all necessary requirements in effecting that change. While the Plaintiffs may be unable to eventually prove that Shafter strictly or substantially complied with the terms of the Policy in changing the beneficiary designations, Plaintiffs are not required at the pleading stage to allege every detail demonstrating that Shafter

---

[2] *See, e.g., Minnesota Life Ins. Co. v. Kagan,* 847 F. Supp. 2d 1088, 1096 (N.D. Ill. 2012) (citing *John Alden Life Ins. Co. v. Propp,* 255 Ill. App. 3d 1005 (2d Dist. 1994)) (determining a motion for summary judgment and stating that strict or substantial compliance with the terms of the policy that prescribe the method for changing beneficiaries is required under Illinois law).

complied with the terms of the policy. Accordingly, Defendant's motion to dismiss this claim is denied.

## II.     The Claim for Declaratory Judgment Must Be Dismissed

In addition to asserting a third party beneficiary breach of contract claim, the Plaintiffs ask this Court for a declaration that they are beneficiaries of the Policy. Under Illinois law, a "declaratory judgment action requires: (1) a plaintiff with a tangible, legal interest; (2) a defendant with an opposing interest; and (3) an actual controversy between the parties concerning such interests." *Adkins Energy, LLC v. Delta-T Corp.,* 806 N.E. 2d 1273, 1275 (2004)(internal citations omitted). An actual controversy does not exist where the matter "has progressed so far that there is nothing left for the parties to do except file suit for damages or other consequential relief." *Id.* A declaratory judgment action "is not the proper vehicle for presenting what are, in essence, plaintiff's breach of contract allegations." *Karimi v. 401 N. Wabash Venture, LLC,* 952 N.E.2d 1278, 1283 (2011).

In this case a declaratory judgment action is improper because the alleged breach of the contract has already occurred. *See, e.g., Adkins,* 806 N.E.2d at 1279 (citing *Atlanta Casualty Co. v. Fountain,* 262 Ga. 16, 18 (1992)) (noting that in the insurance context, "if the insurance company has already denied the claim, then declaratory judgment is improper because the insurance company would be seeking a determination that its denial of the claim, that is, past conduct, did not constitute a breach of contract"). There is no dispute that Defendant paid the death benefit proceeds to the beneficiaries identified in the May 13, 2009 election and denied the claim of the beneficiaries identified in the September 27, 2011 letter. The only question left to be decided is whether Defendant's denial of the Plaintiffs' claim for benefits breached the

Policy.  Accordingly, there is no basis for a declaratory judgment action and the claim should be dismissed.

### III.    The Claim for Promissory Estoppel Must Be Dismissed

In order to maintain an action for promissory estoppel under Illinois law, a plaintiff must allege: (1) a promise that is unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance is expected and foreseeable by the party making the promise; and (4) the party to whom the promise is made relies on the promise to his or her detriment.  *See Newton Tractor Sales, Inc. v. Kubota Tractor Corp.,* 233 Ill.2d 46, 51 (2009).

However, under Illinois law, no party other than the promisee may proceed on a promissory estoppel theory of liability.  *See Bolden v. General Accident, Fire & Life Assurance Corp,* 456 N.E.2d 306, 309 (1983) (holding that promissory estoppel claim must be dismissed because the plaintiffs were not promisees and stating that "there are no cases in Illinois which have allowed anyone other than the promisee to proceed on a promissory estoppel theory"); *Wright v. Bogs Management, Inc.,* No. 98 C 2788, 2000 WL 1774086, at *15, n. 10 (N.D. Ill. Dec. 1, 2000) (Pallmeyer, J.) (stating that "Illinois law does not allow a third-party beneficiary, such as Plaintiff, to claim promissory estoppel as a substitute for consideration.") (citing *Bolden,* 456 N.E.2d at 309)).  The Complaint alleges that Shafter is the promisee, not the Plaintiffs.  As a result, the promissory estoppel claim must be dismissed because Plaintiffs are attempting to assert this claim as third party beneficiaries of a promise allegedly made by Defendant to Shafter.[3]  This is prohibited by Illinois law.

---

[3] The Court notes that Illinois law on this issue squarely conflicts with the RESTATEMENT (SECOND) OF CONTRACTS § 90.  The RESTATEMENT provides in relevant part that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or

## IV.     Defendant's Motion for a Stay to Join Necessary Parties is Denied

Defendant also contends that the case should be stayed so that the remaining alleged beneficiaries, as identified in the September 27, 2011 letter, may be joined as necessary parties. Federal Rule of Civil Procedure 19 provides that:

(a) Persons Required to Be Joined if Feasible.

(1) Required party.  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if...(B) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may...(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed. R. Civ. P. 19(a)(1)(B)(ii).

While joinder could be beneficial in this case, it is impossible because the Court has no subject matter jurisdiction to join the additional parties.  This case was removed to this Court from the Circuit Court of Cook County pursuant to diversity jurisdiction as established in 28 U.S.C. § 1332(a).  Under § 1332(a), a federal court has original jurisdiction in civil actions between citizens of different states, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens.  To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed $75,000.  Prior to the passage of 28 U.S.C. § 1367, the Supreme Court had held that every plaintiff must separately satisfy the amount-in-controversy requirement.  *See Clark v. Paul Gray, Inc.,* 306 U.S. 583 (1939); *Zahn v. International Paper Co.,* 414 U.S. 291, 300 (1973) (holding

forbearance is binding if injustice can be avoided only by enforcement of the promise." RESTATEMENT §90(1).

8

that "any plaintiff without the jurisdictional amount must be dismissed from the case, even though others allege jurisdictionally sufficient claims").  However, 28 U.S.C. § 1367 and the Supreme Court's subsequent decision in *Exxon Mobil Corp. v. Allapattah Services* abrogated these decisions in part.  Specifically, the Supreme Court held in *Allapattah Services* that 28 U.S.C. § 1367 allows a federal court to exercise supplemental jurisdiction over multiple plaintiffs' claims provided that at least one of the plaintiffs meets the $75,000 amount-in-controversy threshold.  *See Exxon Mobil Corp. v. Allapattah Services,* 545 U.S. 546, 549 (2005).  However, this exception does not apply to "persons proposed to be joined as plaintiffs under Rule 19."  28 U.S.C. § 1367(b); *see also Allapattah Services,* 545 U.S. at 564 ("Also, § 1367(b) expressly withholds supplemental jurisdiction in diversity cases over claims by plaintiffs joined as indispensable parties under Rule 19."); *Griffen v. Lee,* 621 F.3d 380, 389 (5th Cir. 2010) (same).  Accordingly, in a civil action where jurisdiction is founded solely on diversity, a district court cannot exercise supplemental jurisdiction over a party proposed to be joined as a plaintiff under Rule 19 unless that party can meet the $75,000 amount-in-controversy requirement.

In this case, the parties proposed to be added as plaintiffs are Jonathon Shafter, Deidra Shafter, Kyle Hoffman and Chrisean White.  According to the September 27, 2011 letter, Jonathan Shafter, Deidra Shafter and Kyle Hoffman only appear to each have a $10,309,75 interest in the Policy.  (*See* Compl. at ¶ 15.)  Chrisean White has the same interest as Apryl Smith minus $5,000.  (*Id.*)  Therefore, her claim would only be for $71,731.56.  As a result, none of the proposed plaintiffs meet the $75,000 amount-in-controversy requirement.  Thus, the Court has no jurisdiction to join them under Rule 19.

**<u>CONCLUSION</u>**

For the reasons set forth above the motion to dismiss is granted in part and denied in part. The declaratory judgment claim and the promissory estoppel claim are dismissed. The motion is denied with respect to the breach of contract claim. The motion to stay and join additional parties is denied.

_____

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 30, 2013