FILED
SEP 10 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

2014 SEP 10 PM 5:00
CLERK
DISTRICT COURT

MM-T

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

Allen et al )
Plaintiff )
) Case Number: 1:12-cv-0939T
v. )
) Judge: Honorable Sara L. Ellis
Jackson National Life )
Insurance Company ) Magistrate Judge: Judge Daniel G. Martin
Defendant )

## Plaintiffs Motion for Judgement as a Matter of Law, Motion for Relief from Judgement, Motion to Alter or Amend Judgement, or in the alternative, Motion for a New Trial.

Now comes Plaintiffs Apryl Allen, Fredrick Smith, Michael Bryant, and Crystal Bryant, as mother and guardian of Chrisean White (hereinafter "plaintiffs") by Pro Se and pursuant to Rules 50(a)(b), 59 and/or 60(b)(3)(6) of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court to enter an order for judgement as a matter of law, relief from judgement, alteration or amendment of judgement, and in the alternative, a new trial.

In support hereof, Plaintiffs states as follows:

1. Thomas Shafter (deceased), purchased a fixed, variable annuity in 1990 from Jackson National Life Insurance Company (hereinafter "defendants" or "Jackson") policy #0052108060.

2. In August 2009, defendants sent Mr. Shafter a confirmation letter stating the beneficiaries of this policy. Two years later, defendants sent Mr. Shafter the same letter, but with updated beneficiaries. This September 27, 2011 letter stated "Thank you for your request. Below are the current beneficiaries for the above referenced policy." This is the exact language used in the August 2009 confirmation letter.

3. Mr. Shafter died on April 10, 2012, 6 months after receiving defendants confirmation letter, which was the last correspondence defendants sent to Mr. Shafters home.

4. Crystal Bryant, plaintiff, and niece of Mr. Shafter retrieved the September 27, 2011 confirmation letter from Mr. Shafters home after his death. After comparing the letter to the Claims Package sent to Ms. Bryant she noticed the conflicting beneficiaries.

5. Defendants denied Ms. Bryants request for interpleader action to resolve the matter, assigned Karen Frandsen of Jackson to be the liasion who would speak to the family of Mr. Shafter, and subsequently paid the claim in accordance with the 2009 beneficiary designation. Defendants claimed that "an error" was made, but plaintiffs have reasons to believe otherwise.

6. Plaintiffs hired Attorney Andrew Hays of Hays Firm in Chicago and he filed a complaint on Plaintiffs behalf in the court.

7. On August 14, 2014, after the trial of this matter before a jury, this court entered judgement on behalf of

2

defendants, which has caused plaintiffs to move for relief from the court in this matter.

a. The evidence adduced at the time of trial in this action so overwhelmingly favored the defendants that reasonable jurors could arrive only at a verdict in the defendants favor. An objective review of the facts demonstrates that plaintiffs are entitled to Judgement as a matter of Law pursuant to Federal Rule 50, the evidence being insufficient to support a verdict in favor of defendants. The verdict of the jury is contrary to the manifest weight of the evidence such that this Court should exercise its discretion in reviewing inferences arising from facts in this case to prevent a miscarriage of justice.

b. Defendants used manipulative tactics, which served no legitimate purpose other than to secure a verdict in its favor to prevent double liability exposure. These tactics were used from the inception of the claim, throughout discovery and trial. As such, plaintiffs ask the court to provide relief from judgement on the grounds of misrepresentation and misconduct, or any other reason the court may find sua sponte pursuant to Federal Rule 60(b)(3)(6).

c. To prevent a gross miscarriage of justice and to account for evidence not available during trial pursuant to Federal Rule 59, plaintiffs request alteration or amendment of the judgement.

d. Alternatively, Plaintiffs request a new trial on the grounds of improper conduct of counsel, improper conduct affecting the jury, verdict is against the weight of the evidence, and improper admission or rejection of evidence pursuant to Federal Rule 59.

8. Lastly, and respectfully, any omission in this motion is due to the fact that the record is not and has not been available to the Plaintiffs and should not be construed as a waiver. Plaintiffs have not been tendered final transcripts from trial, and as such, this motion does not have the benefit of record citations or even complete review of the record. In no way is the lack of record citations or testimony to be construed as a waiver to any arguments. Also failure to properly raise a specific fact or argument is not a waiver by Plaintiffs.

9. Plaintiffs submit an attached Memorandum of Law and some evidence in support of this motion.

Wherefore, Plaintiffs respectfully requests the Court to grant just and appropiate relief in this case.

Dated: September 10, 2014

Crystal J. Bryant
4027 W. 186th Pl.
Country Club Hills, IL 60478
321-591-9843
crysjbryant@yahoo.com

Respectfully Submitted,

Crystal Bryant

Crystal Bryant
Pro Se